United States District Court
Southern District of Texas
**ENTERED**
April 14, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIRIAM EDWARDS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-4330 |
| | § | |
| MCDERMOTT INTERNATIONAL, INC., | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER CONSOLIDATING CASES

Plaintiff Nova Scotia Health Employees' Pension Plan ("Nova Scotia") is the lead plaintiff in this securities class action brought on behalf of purchasers of the common stock of Defendant McDermott International, Inc. ("McDermott") between December 18, 2017 and September 17, 2019. Nova Scotia has filed a motion to consolidate another pending case, *Ahnefeldt et al. v. Dickson et al.*, No. 4:20-CV-2539, with this one ("the Lead Case"). In the motion, Nova Scotia also asks the Court to vacate the notice issued by the *Ahnefeldt* plaintiffs to investors and issue a corrective notice. Both the *Ahnefeldt* plaintiffs and the defendants oppose Nova Scotia's motion. The motion (Dkt. 147) is **GRANTED IN PART AND DENIED IN PART**.

### THE TWO CASES

*Nova Scotia*

Nova Scotia has brought claims against McDermott and two of its executives—President and Chief Executive Officer David Dickson ("Dickson") and Executive Vice President and Chief Financial Officer Stuart Spence ("Spence")—under Section 10(b) of

the Securities Exchange Act of 1934 ("Section 10(b)") and Rule 10b–5 promulgated thereunder ("Rule 10b–5"). *See* 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5. Nova Scotia has also pled claims of control person liability against Dickson and Spence under Section 20(a) of the Securities Exchange Act of 1934 ("Section 20(a)"). *See* 15 U.S.C. § 78t(a). Nova Scotia alleges that the defendants misrepresented the financial health of Chicago Bridge & Iron Company, N.V. ("CB&I") to investors in order to facilitate a risky merger between McDermott and CB&I that guaranteed considerable financial benefits to Dickson and Spence but was disastrous for McDermott shareholders, bankrupting the company and leading to ongoing SEC and federal grand jury investigations.

The class period pled by Nova Scotia began on the date the merger with CB&I was announced and ended on September 17, 2019, the day before "McDermott's stock price plummeted 49% in morning trading . . . amid leaks and rumors that it had hired a turnaround firm" and was on the verge of filing for bankruptcy protection. (Dkt. 105 at pp. 215–16, 218) Nova Scotia filed its original complaint on November 15, 2018 and was appointed lead plaintiff "for all claims related to Section 10(b) of the Securities Exchange Act" on June 4, 2019. (Dkt. 84)[1] Nova Scotia filed its amended complaint on October 4, 2019, before McDermott's bankruptcy filing.[2]

---

[1] A different party, Public Employees' Retirement System of Mississippi ("Mississippi"), was appointed lead plaintiff for all claims related to Section 14(a) of the Securities Exchange Act. (Dkt. 84) The *Ahnefeldt* plaintiffs have not brought any claims under Section 14(a), and Mississippi has not weighed in on this dispute.

[2] The Court has elsewhere taken judicial notice of the bankruptcy filing, which is a matter of public record, and of the SEC and grand jury investigations, which were disclosed in McDermott's SEC filings.

*Ahnefeldt*

*Ahnefeldt* is also a class action that arose out of the McDermott/CB&I merger; and the *Ahnefeldt* plaintiffs also bring claims under Section 10(b), Rule 10b-5, and Section 20(a) against Dickson and Spence, as well as a third executive, Executive Vice President and Chief Financial Officer Christopher Krummel ("Krummel"), who replaced Spence after Spence's resignation. *See* case number 4:20-CV-2539 at docket entry 1, pages 6–7.

The class period pled by the *Ahnefeldt* plaintiffs spans from September 20, 2019 to January 23, 2020. *See* case number 4:20-CV-2539 at docket entry 1, page 2. The first date is the date on which McDermott issued a press release announcing (misleadingly, according to the *Ahnefeldt* plaintiffs) that it had recently received unsolicited offers to buy all or part of Lummus Technology, a division of CB&I that McDermott had acquired in the merger. *See* case number 4:20-CV-2539 at docket entry 1, pages 10–11. The second date was the first day of trading after McDermott announced that it had filed for bankruptcy protection and that it expected its stock to be delisted by the New York Stock Exchange. *See* case number 4:20-CV-2539 at docket entry 1, page 3. The *Ahnefeldt* plaintiffs filed their original complaint on July 17, 2020.

## MOTIONS TO CONSOLIDATE

Federal Rule of Civil Procedure 42(a) provides that where two or more lawsuits raise "a common question of law or fact," a district court may "consolidate the actions." Fed. R. Civ. P. 42(a). "A trial court has broad discretion in determining whether to consolidate a case pending before it." *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985) (quotation marks and citation omitted). "Consolidating actions in a district

court is proper when the cases involve common questions of law and fact, and the district judge finds that [consolidation] would avoid unnecessary costs or delay." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n. of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). Consolidation permits district courts "to expedite the trial and eliminate unnecessary repetition and confusion." *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966); *see also Wilson v. Johns-Manville Sales Corp.*, 107 F.R.D. 250, 252 (S.D. Tex. 1985) (the purpose of consolidation is to allow district courts "to manage their dockets efficiently while providing justice to the parties"). "Consolidation is improper if it would prejudice the rights of the parties." *St. Bernard Gen. Hosp.*, 712 F.2d at 989. "The fact that a defendant may be involved in one case and not the other is not sufficient to avoid consolidation." *Id.*

Additionally, "[t]he Private Securities Litigation Reform Act ("PSLRA") directs that cases should be consolidated where . . . there is more than one action on behalf of a class asserting substantially the same claim or claims." *In re Cendant Corp. Litigation*, 182 F.R.D. 476, 478 (D.N.J. 1998) (quotation marks omitted). "Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

"Neither Rule 42 nor the PSLRA demands that actions be identical before they may be consolidated." *Cendant*, 182 F.R.D. at 478. "Accordingly, courts routinely consolidate multiple class actions that allege essentially similar, but not identical,

securities claims." *In re MicroStrategy Inc. Securities Litigation*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000).

## DISCUSSION

The Court finds that these two cases are substantially related and that consolidation is appropriate. The cases share two central claims: (1) that McDermott's executives intentionally or recklessly misrepresented material facts about McDermott's financial condition in the wake of its merger with CB&I in violation of Section 10(b) and Rule 10b-5; and (2) that McDermott's executives are liable as "controlling persons" pursuant to Section 20(a). Although the two complaints focus on different phases in McDermott's decline, there is sufficient legal and factual similarity between the cases to warrant consolidation. *Cendant*, 182 F.R.D. at 478 ("Courts which have addressed the issue have held that differing class periods alone will not defeat consolidation or create a conflict."); *see also Kaplan*, 240 F.R.D. at 92 ("[E]ven for the non-overlapping period, all plaintiffs and movants rely on a common pattern in their allegations: that defendants' statements to the investing public misrepresented or omitted to state material facts about the financial status of IMAX."). "In other words, the actions are all securities fraud claims that arise from a common course of conduct. The dates on which the misrepresentations occurred do not change their nature." *Kaplan*, 240 F.R.D. at 92 (quotation marks omitted). Moreover, the record contains no indication that any party will suffer prejudice from consolidation, and consolidation will significantly enhance judicial economy and ensure consistent findings and rulings.

The Court will grant Nova Scotia's motion to consolidate. However, at this time the Court will deny Nova Scotia's request that the Court vacate the notice issued by the *Ahnefeldt* plaintiffs to investors and issue a corrective notice. The deadline to move for appointment as lead plaintiff in *Ahnefeldt* has passed, and the issue is now moot.

## CONCLUSION

Plaintiff Nova Scotia Health Employees' Pension Plan's motion to consolidate cases and to vacate additional notice (Dkt. 147) is **GRANTED IN PART AND DENIED IN PART**. *Ahnefeldt et al. v. Dickson et al.*, No. 4:20-CV-2539, is **CONSOLIDATED** with the Lead Case under this cause number (4:18-CV-4330). However, at this time the Court will deny Nova Scotia's request that the Court vacate the notice issued by the *Ahnefeldt* plaintiffs to investors and issue a corrective notice.

SIGNED at Houston, Texas, this 12th day of April, 2021.

*[signature]*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE