# WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

Providing Exemplary Legal Service Since 1888

MALCOLM T. BROWN
DIRECT DIAL: 212-545-4714
FACSIMILE: 212-545-4653
Brown@whafh.com

270 MADISON AVENUE
NEW YORK, NY 10016
212-545-4600

SYMPHONY TOWERS
750 B STREET - SUITE 2770
SAN DIEGO, CA 92101
619-239-4599

111 WEST JACKSON
SUITE 1700
CHICAGO, IL 60604
312-391-5059

May 11, 2021

**VIA ECF**

Honorable George C. Hanks, Jr.
United States District Judge
United States Courthouse
United States District Court
Southern District of Texas
515 Rusk Street, Room 6202
Houston, TX 77002

Re: *Edwards v. McDermott, Int'l, Inc., et al.*, No. 4:18-cv-4330
*Ahnefeldt, et al., v. Dickson, et al.*, No. 4:20-cv-2539

Dear Judge Hanks:

Wolf Haldenstein Adler Freeman & Herz LLP, along with Reynolds Frizzell LLP, are counsel for Plaintiffs in *Ahnefeldt, et al., v. Dickson, et al.*, No. 4:20-cv-2539 ("*Ahnefeldt*"). We write in response to the May 11, 2012 letter from counsel for lead plaintiff Nova Scotia Health Employees' Pension Plan ("Nova Scotia") in *Edwards v. McDermott International, Inc., et al.*, 4:18-cv-4330 ("*Edwards*").

On March 31, 2021, the Court entered an Order consolidating *Ahnefeldt* with *Edwards*. *See* Order (ECF No. 164); Order Consolidating Cases (ECF No. 166) (entered April 12, 2021) at 6. The Order, however, denied Nova Scotia's request to vacate the lead plaintiff notice in *Ahnefeldt* and for publication of a corrective notice. *Id*. Further, the Court did not: (i) appoint Nova Scotia as lead plaintiff for the class-wide claims asserted in *Ahnefeldt*; (ii) direct the Clerk of the Court to administratively close the *Ahnefeldt* action; or (iii) determine that the lead plaintiff motions filed in *Ahnefeldt* were untimely. The lead plaintiff motions in *Ahnefeldt* are *sub judice*.

We note the statement in counsel's letter that the Rule 26(f) report to be filed in *Edwards* will include the process by which Nova Scotia will move, pursuant to Fed. R. Civ. P. 15(d), for leave to amend its action to include the § 10(b) claims asserted on behalf of class members in *Ahnefeldt*. We are unaware of any process that would permit Nova Scotia to subvert PSLRA notice requirements with respect to such claims. *See, e.g., In re Cyberonics Inc. Litig.*, 468 F. Supp. 2d 936, 939 (S.D. Tex. 2006) ("Where membership of a class is substantially expanded by the filing of an amended complaint that adds new claims, fairness dictates that those new class

Honorable George C. Hanks, Jr.
United States District Judge
United States Courthouse
May 11, 2021
Page 2

members ought to be informed of the existence of pending claims that may affect their rights.") (internal quotations and citation omitted).  And, as set forth above, the lead plaintiff motions concerning the class-wide claims asserted in *Ahnefeldt* are pending before the Court.  Moreover, as Nova Scotia did not purchase any McDermott securities during the *Ahnefeldt* class period (September 20, 2019 through January 23, 2020) and, as a consequence, possesses no interest in any recovery to be allocated to *Ahnefeldt* class members, it lacks standing to represent those claims.

Respectfully,

Malcolm T. Brown

MTB/mms/810985