**BAKER BOTTS** L.L.P.

910 LOUISIANA
HOUSTON, TEXAS
77002-4995

TEL  +1 713.229.1234
FAX +1 713.229.1522
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HONG KONG
**HOUSTON**
LONDON

MOSCOW
NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
WASHINGTON

August 3, 2021

065485.0223

David D. Sterling
TEL: 7132291946
FAX: 7132297946
david.sterling@bakerbotts.com

The Honorable Judge George C. Hanks, Jr.
United States District Court
Southern District of Texas
515 Rusk Street, Rm. 6202
Houston, Texas 77002

> Re:   *Edwards v. McDermott International, Inc. et al.*, Cause No. 4:18-cv-04330, in the
> U.S. District Court for the Southern District of Texas, Houston Division (the
> "*Edwards* Case")

Dear Judge Hanks:

We write in response to Kevin Corcoran's July 29, 2021 letter.  While it is true that the *Kingstown* Plaintiffs opted out of the *Edwards* Class Action, that is but a part of the story. Mr. Corcoran's letter failed to mention critical facts—namely, the *Kingstown* Plaintiffs' efforts to distance themselves from the scienter theory espoused by the *Edwards* class and their improper attempt to borrow the *Edwards* class's so-called "confidential witness" accounts.

As this Court knows, to be actionable under Section 10(b), an alleged misrepresentation must have been made with scienter.  15 U.S.C. § 78u-4(b)(2); *Ind. Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp., Inc.*, 537 F.3d 527, 533 (5th Cir. 2008).  Under the Private Securities Litigation Reform Act ("PSLRA"), a complaint must be dismissed unless it alleges particularized facts giving rise to a "strong" inference that a defendant acted with scienter.  15 U.S.C. § 78u-4(b)(2)(A).  The Supreme Court has mandated that district courts weigh any "culpable" inference of scienter against the "nonculpable" inferences and instructed courts to dismiss those cases where the culpable inference is not at least as cogent and compelling as the non-culpable inferences. *Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323–24 (2007).  The Fifth Circuit has consistently applied that framework, *e.g.*, *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 867 (5th Cir. 2003) (a district court "must engage in some weighing … to determine whether the inferences toward scienter are strong or weak"), and district courts routinely have as well.[1]  And it has long

---

[1] *In re Weatherford Int'l PLC (2019) Sec. Litig.*, 2021 WL 2447066, at *2 (S.D. Tex. May 14, 2021) (Hughes, J.), *appeal docketed*, No. 21-20312 (5th Cir. June 14, 2021); *Zhang Yang v. Nobilis Health Corp.*, 2020 WL 5512456, at *2–3 (S.D. Tex. Sept. 14, 2020) (Hanen, J.), *appeal docketed*, No. 20-20538 (5th Cir. Oct. 15, 2020); *Plaisance v. Schiller*, 2019 WL 1205628, at *14–15, *19 (S.D. Tex. Mar. 14, 2019) (Lake, J.); *In re KBR, Inc. Sec. Litig.*, 2018 WL 4208681, at *8, *12 (S.D. Tex. Aug. 31, 2018) (Werlein, J.); *Ho v. Flotek Indus., Inc.*, 248 F. Supp. 3d 847, 856, 861 (S.D. Tex. 2017) (Bennett, J.), *aff'd sub nom. Alaska Elec. Pension Fund v. Flotek Indus., Inc.*, 915 F.3d 975 (5th Cir. 2019); *Izadjoo v. Helix Energy Sols. Grp., Inc.*, 237 F. Supp. 3d 492, 518 (S.D. Tex. 2017) (Rosenthal, Chief J.); *Loc. 210 Unity Pension & Welfare Funds v. McDermott Int'l Inc.*, 2015 WL 1143081, at *9–11 (S.D. Tex. Mar. 13, 2015) (Hoyt, J.); *In re Franklin Bank Corp. Sec. Litig.*, 782 F. Supp. 2d 364, 387–88 (S.D. Tex. 2011) (Ellison, J.),

**BAKER BOTTS** LLP

The Honorable Judge George C. Hanks, Jr.        - 2 -                                    August 3, 2021

been recognized that there is no such thing as "corporate scienter"—a company can have scienter only if someone responsible for the alleged misrepresentation made it with scienter. *E.g.*, *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 365 (5th Cir. 2004) ("A defendant corporation is deemed to have the requisite scienter for fraud only if the individual corporate officer making the statement has the requisite level of scienter.").

As the Court may recall, the *Edwards* class concerns statements McDermott International, Inc. ("McDermott") made about its merger with Chicago Bridge & Iron ("CB&I"). According to the *Edwards* Corrected Class Action Complaint ("CCAC"), David Dickson and Stuart Spence, who were then McDermott's CEO and CFO, respectively, learned from the due diligence preceding the merger that CB&I's "Focus Projects" would saddle McDermott with billions of dollars of still-undisclosed losses and doom the combined company, yet they pushed the merger through nonetheless. *See generally* Dkt. 105. The CCAC asserts that Dickson and Spence were motivated to steer this ship into the rocks because (a) they would receive relatively modest "Recognition Bonuses" as a result of the merger ($562,500 for Dickson and $318,750 for Spence, and an equal amount later based on post-merger performance), and (b) the merger would elevate McDermott into a different peer group, so Dickson and Spence would get an increase in future base and incentive compensation. *Id.* ¶¶ 369–72. Ergo, according to the *Edwards* CCAC, Dickson and Spence acted with scienter, and their scienter may be imputed to McDermott. *Id.*

As Defendants' motion to dismiss the *Edwards* CCAC explained, far from being cogent and compelling, the *Edwards* scienter theory makes no sense. Dkt. 125 at 2–3, 39–42. The Recognition Bonuses were but a small fraction of Dickson and Spence's annual compensation, and half were contingent upon the merger succeeding. *Id.* at 40. It likewise makes no sense for executives to mislead investors about a merger to get higher compensation in the future when, according to the *Edwards* Plaintiffs, those executives know that the merger would tank the company. Finally, it is counterintuitive at best for McDermott executives to have championed a merger they knew would lead to the company's demise when they owned tens of millions of dollars of McDermott stock. *Id.* at 40–41. The *Edwards* opinion does not mention these fundamental flaws in the *Edwards* scienter theory. *See generally* Dkt. 168.

The *Kingstown* Plaintiffs recognized the implausibility of the *Edwards* scienter theory, however, and chose to run away from it. The *Kingstown* Amended Complaint ("Amended Complaint") advocated instead a scienter theory that Dickson and Spence were reckless in forging ahead with the merger despite knowing that McDermott's due diligence of CB&I was inadequate. *See Kingstown Cap. Mgmt, L.P., v. Dickson et al.*, No. 4:20-cv-02880 (Southern District of Texas – Houston Division), Dkt. 7, Sec. IV.F.1. In other words, rather than claim that McDermott learned so much in due diligence that Dickson and Spence knew the combined company would fail, the *Kingstown* Plaintiffs pleaded a scienter theory that is the exact opposite—that Dickson and Spence knew that McDermott had not done nearly enough due diligence. *Id.* ¶¶ 307–10. When it came

---

*aff'd sub nom. Harold Roucher Tr. U/A DTD 9/21/72 v. Nocella*, 464 F. App'x 334 (5th Cir. 2012); *In re Cyberonics Inc. Sec. Litig.*, 523 F. Supp. 2d 547, 553–54 (S.D. Tex. 2007) (Miller, J.).

**BAKER BOTTS** LLP

The Honorable Judge George C. Hanks, Jr.          - 3 -                                    August 3, 2021

to the very different *Edwards* scienter theory, the *Kingstown* Amended Complaint did no more than mention it in a single footnote amongst its 369 paragraphs.  *Id.* at 53 n.2.

Another major difference exists between *Edwards* and *Kingstown* with respect to scienter. The *Edwards* CCAC relied in no small part on allegations attributed to so-called "confidential witnesses."  The *Kingstown* Amended Complaint, by contrast, contains no confidential witness allegations at all.  In response to Defendants' motion to dismiss, which pointed out the absence of such allegations in the *Kingstown* Amended Complaint, the *Kingstown* Plaintiffs tried to graft onto their case the alleged confidential witness accounts in the *Edwards* CCAC.  *Kingstown*, Dkt. 26, at 12–13. Thus, one of the many issues teed up in the pending motion to dismiss in *Kingstown* is whether a plaintiff may adopt by reference confidential witness allegations made in an entirely different party's complaint.  *Kingstown*, Dkt. 17, at 20 ("Kingstown offers no confidential witnesses of its own—indeed, no facts whatsoever to place information in Dickson's and Spence's hands that would be probative of their mental states.").

Beyond *Kingstown*'s vastly different take on scienter, the Amended Complaint also folds in a host of new allegations—including, among other things, that the *Kingstown* Plaintiffs directly relied on misrepresentations allegedly made to them in private meetings, and that after the merger closed, Defendants made supposed misrepresentations about the sale of McDermott's pipe fabrication and tank storage businesses.  None of those issues are present in the *Edwards* Case.

In short, it simply is not the case that this Court's ruling in *Edwards* dictates the outcome in *Kingstown*.  No matter which Court hears the *Kingstown* case, that Court must perform an independent evaluation of the *Kingstown* Amended Complaint and Defendants' motion to dismiss, including performing the inference-weighing scienter analysis mandated by the Supreme Court in *Tellabs*.  *See Special Situations Fund III, L.P. v. Am. Dental Partners, Inc.*, 775 F. Supp. 2d 227, 239 (D. Mass. 2011) ("[I]t is the duty of [the op-out] court to conduct its own analysis of the issues raised in the [opt-out] *Motion to Dismiss*,' notwithstanding an earlier denial of motion to dismiss class complaint); *Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop.*, 2019 WL 150535, at *2 (E.D. Pa. Jan. 8, 2019) (advising that a "decision to opt-out is not a decision without consequences,' as a "determination to deny motions to dismiss in the Class Litigation does not decide the fate" of a motion to dismiss an opt-out complaint).

Very truly yours,

David D. Sterling