United States District Court
Southern District of Texas
**ENTERED**
May 18, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MIRIAM EDWARDS, ET AL., | § § § § | |
| Plaintiffs. | | |
| VS. | § § § § § § § | CIVIL ACTION NO. 4:18-cv-04330 |
| MCDERMOTT INTERNATIONAL, INC., ET AL., | | |
| Defendants. | | |

## ORDER AND OPINION

In this purported class action securities fraud case, I am faced with a good old-fashioned discovery dispute: I must decide the appropriate scope of discovery. The parties have submitted informative letter briefs outlining their respective positions, *see* Dkts. 255–258, and I heard oral argument. After carefully thinking about the issues involved, I have to admit that I am torn. I fully understand, appreciate, and sympathize with the arguments advanced by both sides. This is not an easy decision. On the one hand, Plaintiffs are entitled to conduct the discovery necessary to vigorously pursue their claims for relief. On the other hand, I recognize that if I order the discovery Plaintiffs seek, Defendants will be forced to incur large sums of money, possibly millions of dollars, to produce the responsive documentation. I do not take this responsibility lightly.

## BACKGROUND

I previously required Defendants to collect documents from 50 custodians chosen by Plaintiffs. *See* Dkt. 221 at 4–6. I further ordered the parties to "promptly confer on the appropriate search terms to be utilized for the 50 custodians selected by Plaintiffs," adding that "[i]n the event the parties cannot come to an agreement on a set of search terms, I am available to assist the parties in this effort." *Id.* at 5.

In November 2021, Plaintiffs identified the 50 custodians from whom they wanted to obtain documents. At the same time, Plaintiffs also proposed search terms to be utilized to assist in gathering responsive documents. For the past few months,

the parties have worked tirelessly to come up with appropriate search terms, sharing various proposals with each other. The parties now find themselves at an impasse. Plaintiffs have put together a list of proposed search terms that will result in 773,508 search hits (with an additional 519,337 family-member documents[1]). That means that Plaintiffs' proposed search terms would result in Defendants having to review roughly 1.3 million documents (773,508 + 519,337) for privilege and relevance. Claiming that Plaintiffs' proposed list is too expansive and will result in exorbitant costs, Defendants counter with search terms that would require review of approximately 650,000 documents for privilege and relevance.

## ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

In the simplest terms, Rule 26(b)(1) mandates that discoverable matter must be both relevant and proportional to the needs of the case. These "are related but distinct requirements." *Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017).

On the relevance front, "[a] discovery request is relevant when the request seeks admissible evidence or is reasonably calculated to lead to the discovery of admissible evidence." *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011)

---

[1] Family-member documents are groups of associated files (i.e., a document family). Take an example. Let's say an email comes backs with a search-term hit. A PowerPoint attached to the email might not contain a search term, but it would be considered a family-member document.

(quotation omitted). Importantly, information within the scope of discovery need not be admissible in evidence to be discoverable. *See* FED. R. CIV. P. 26(b)(1).

Turning to the proportionality prong, "[p]roportionality focuses on the marginal utility of the discovery sought." *Vaigasi v. Solow Mgmt. Corp.*, No. 11CIV5088RMBHBP, 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016). While the discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials, discovery does have "ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). A district court assesses six factors when determining proportionality: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* FED. R. CIV. P. 26(b)(1); *Orchestratehr, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 504–05 (N.D. Tex. 2016). If a party resists discovery on the grounds of proportionality, it bears the burden of making a specific objection and showing that the discovery fails Rule 26(b)'s proportionality calculation. *See id*. at 505.

The present dispute focuses on the proportionality requirement. Simply put, are Plaintiffs' proposed search terms—which will require Defendants to review close to 1.3 million documents—proportional to the needs of the case? Or are Defendants' proposed search terms—which will result in the review of about half as many documents—more proportional to the needs of the case? There is no cut-and-dried application of the proportionality factors that leads to one inescapable conclusion. I can see respected jurists reaching different outcomes based on the same underlying facts. In reaching my decision, I bring to this discovery squabble my years on the bench and my experience in private practice as a lawyer representing both plaintiffs and defendants in securities litigation.

Let's focus on the six factors identified in Rule 26(b)(1) for assessing proportionality:

**(1)   *The Importance of the Issues at Stake*:** Plaintiffs' claims are brought under §§ 10(b) and 14(a) of the Securities Exchange Act of 1934. Given that a central purpose of these securities laws is to protect investors and would-be investors in the securities market against misrepresentations, there can be little debate that the issues at stake in this case are meaningful. *See Randall v. Loftsgaarden*, 478 U.S. 647, 659 (1986).

**(2)   *The Amount in Controversy*:** The large amount Plaintiffs are seeking to recover (more than $1 billion in damages) weighs heavily in favor of allowing the sought-after discovery.

**(3)   *The Parties' Relative Access to Relevant Information*:** The requested documents consist of emails and other electronic communications maintained by Defendants. Because Defendants have complete and exclusive control over McDermott's electronic platforms, Plaintiffs have no way of obtaining such information other than from Defendants through the discovery process. This factor also weighs in favor of the proportionality of the sought-after discovery.

**(4)   *The Parties' Resources*:** I really do not have much to go by here. I know that McDermott has been through a bankruptcy proceeding, and Plaintiffs' main source of recovery is expected to be through an insurance agreement. But I am unaware of the specific policy limits, and neither side has offered any argument or evidence on this factor. As a result, I view this factor as neutral.

**(5)   *The Importance of the Discovery in Resolving the Issues*:** Plaintiffs' search terms appear, for the most part, to be tailored to obtaining documents that are relevant to the claims and defenses in this case. As I have noted before: "I am well aware of the costs associated with email pulls. I am also mindful of how important email searches can be to unlocking the truth in securities fraud cases." Dkt. 221 at 4. Nobody, of course, knows what the email searches will reveal until the documents are reviewed and non-privileged, relevant documents are produced. But it is awful likely that the sought-after documentation is relevant and highly probative of Plaintiffs' claims and Defendants' defenses in the case.

**(6)** *Whether the Burden or Expense of the Proposed Discovery Outweighs its Likely Benefit*: The truth of the matter is that I cannot say, with absolute certainty, that Plaintiffs' requested search terms will provide substantially more information than Defendants' proposed search terms. One would expect that the additional search hits will yield more information, but where do you draw the line? The whole purpose of the proportionality requirement is to set boundaries on the amount of documentation Plaintiffs can obtain through the discovery process. Discovery in securities fraud cases is costly. To protect defendants in securities fraud cases from the burden and expense of premature discovery, the Private Securities Litigation Reform Act of 1995 precludes discovery until the district court sustains the sufficiency of the complaint. *See* 15 U.S.C. § 78u-4(b)(3)(B). What ultimately sways me here is the fact that Judge George C. Hanks, Jr. has denied Defendants' motions to dismiss the claims brought under §§ 10(b) and 14(a). As a result, Defendants are fully entitled to employ the discovery devices provided by the Federal Rules of Civil Procedure. The discovery door has been flung wide open, and Plaintiffs should be allowed to probe inside. The purported damages in this case are huge, and that indicates to me that Plaintiffs' proposal is proportional to the needs of the case. It is a close call, but I ultimately conclude that the scales tip in favor of Plaintiffs on the proportionality analysis.

For the reasons set forth above, I order Defendants to promptly apply Plaintiffs' proposed search terms, review responsive documents expeditiously for privilege and relevance, and produce relevant and non-privileged documents on a rolling basis.

SIGNED this 18th day of May 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE