# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MIRIAM EDWARDS, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:18-cv-04330 |
| McDERMOTT INTERNATIONAL, INC., DAVID DICKSON, and STUART SPENCE, | § § § § § § | |
| Defendants. | § § | |

## UNOPPOSED MOTION FOR LEAVE TO FILE DEFENDANTS' OPPOSITION TO THE SECTION 14(a) LEAD PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION, APPOINTMENT OF CLASS REPRESENTATIVES, AND APPOINTMENT OF CLASS COUNSEL UNDER SEAL

McDermott International, Inc., David Dickson, Stuart Spence, Chicago Bridge & Iron Company, N.V., and Patrick Mullen ("Defendants") respectfully request leave to file their Opposition to Section 14(a) Lead Plaintiff's Amended Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel ("Opposition") under seal. In support of their motion, Defendants state as follows:

1. The Joint Protective Order (Dkt. 181 at ¶ 20) provides:

   Prior to filing documents marked CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, the parties will meet-and-confer to discuss whether any or all of the documents require being submitted under seal. If the parties are unable to reach agreement, the party objecting to filing under seal is free to file a motion to unseal with the Court explaining why the documents should not be sealed.

2. Defendants reference in, and file as exhibits to, their Opposition certain discovery items that have been designated Confidential or Confidential-Attorneys' Eyes Only by Lead Plaintiff The Public Employees' Retirement System of Mississippi or non-party The Bank of New York Mellon.

3. Pursuant to Paragraph 20 of the Joint Protective Order, the parties conferred to discuss whether any or all of the documents require being submitted under seal. Plaintiff's counsel informed Defendants' counsel that Plaintiff was presently unable to consent to filing the materials designated Confidential or Confidential-Attorneys' Eyes Only in unsealed manner. Plaintiff's counsel further stated that Plaintiff "will evaluate the documents and brief in context" and that Plaintiff was willing to "continue to meet and confer regarding the appropriateness of sealing."

Pursuant to the Joint Protective Order, Defendants therefore request leave to file their Opposition and the exhibits thereto under seal. Defendants will promptly provide Plaintiff with the Opposition to enable Plaintiff to determine whether it believes any information must be sealed. Defendants will then file a public version of the Opposition, with redactions as necessary.

Respectfully submitted,

BAKER BOTTS L.L.P.

By: */s/ David D. Sterling*
    David D. Sterling
      *Attorney-In-Charge*
    State Bar No. 19170000
    Federal I.D. No. 07079
    Amy Pharr Hefley
    State Bar No. 24046046
    J. Mark Little
    State Bar No. 24078869
    Federal I.D. No. 1487508
    Anthony J. Lucisano
    State Bar No. 24102118
    Federal I.D. No. 3369146
    Elizabeth P. Furlow
    State Bar. No. 24109899
    Federal I.D. No. 3402815
    910 Louisiana Street
    Houston, Texas 77002
    Telephone: (713) 229-1234
    Fax: (713) 229-1522
    david.sterling@bakerbotts.com
    amy.hefley@bakerbotts.com
    mark.little@bakerbotts.com
    anthony.lucisano@bakerbotts.com
    elizabeth.furlow@bakerbotts.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via ECF on all counsel of record on this 15th day of December, 2022.

*/s/ Amy Pharr Hefley*
Amy Pharr Hefley

## CERTIFICATE OF CONFERENCE

I hereby certify that on December 13 and 14, 2022, Defendants' counsel conferred with Lead Plaintiff's counsel, who indicated: "I think that the best course would be for you to go ahead and file under seal and we will evaluate the documents and brief in context. You can state that you informed us of the motion prior to filing and that the parties will continue to meet and confer regarding the appropriateness of sealing."

*/s/ Frank Mace*
Frank Mace