# EXHIBIT A

*Draft by §10(b) Lead Plaintiff, §14(a) Lead Plaintiff, Kingstown plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MIRIAM EDWARDS, *et al.*, § § § Plaintiffs. § § VS. § CIVIL ACTION NO. 4:18-cv-04330 § MCDERMOTT § [CLASS ACTION] INTERNATIONAL, INC., *et al.*, § § Defendants. § _____ | | |
| KINGSTOWN CAPITAL MANAGEMENT, L.P., *et al.*, § § § Plaintiffs. § § VS. § CIVIL ACTION NO. 4:20-cv-02880 § DAVID DICKSON, *et al.*, § § Defendants. § _____ | | |

**[PROPOSED] ORDER CONCERNING
CASE MANAGEMENT AND DEPOSITION PROTOCOL**

WHEREAS, plaintiff Miriam Edwards filed the *Edwards* lawsuit, No. 4:18-cv-04330, as a putative class action, raising claims under Securities Exchange Act of 1934 ("Exchange Act") §§10(b) and 20(a), on November 15, 2018;

WHEREAS, plaintiff Public Employees' Retirement System of Mississippi ("MSPERS") filed a separate lawsuit, No. 4:19-cv-00135, as a putative class action, raising claims under Exchange Act §§14(a) and 20(a), on January 14, 2019;

WHEREAS, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court entered an Order on June 4, 2019 (Dkt. No. 84), appointing the Nova Scotia Health Employees' Pension Plan ("NSHEPP") as "lead plaintiff for all claims related to Section 10(b) of the Securities Exchange Act" (the "§10(b) Lead Plaintiff"), appointing MSPERS as "lead plaintiff for all claims related to Section 14(a) of the Securities Exchange Act" (the "§14(a) Lead Plaintiff"), and granting Defendants' motion to consolidate the class actions under the *Edwards* caption;

WHEREAS, thereafter, §10(b) Lead Plaintiff has litigated all issues concerning the §10(b) claims in the §10(b) Action while §14(a) Lead Plaintiff has litigated all issues concerning the §14(a) claims in the §14(a) Action, while extensively coordinating their respective efforts, thereby achieving significant judicial economies and consistent rulings;

WHEREAS, §14(a) Lead Plaintiff filed its Amended Complaint (Dkt. No. 98) on September 19, 2019;

WHEREAS, §10(b) Lead Plaintiff filed its Amended Complaint (Dkt. No. 105) on October 4, 2019;

WHEREAS, plaintiff John Arden Ahnefeldt filed the tag-along *Ahnefeldt* lawsuit, No. 4:20-cv-02539, as a putative class action, raising claims under Securities Exchange Act of 1934 ("Exchange Act") §§10(b) and 20(a), on July 17, 2020;

WHEREAS, the Court fully denied Defendants' motion to dismiss the §14(a) Amended Complaint in an Order dated March 31, 2021 (Dkt. No. 162) and a Memorandum Opinion and Order dated April 13, 2021 (Dkt. No. 167);

WHEREAS, the Court fully denied Defendants' motion to dismiss the §10(b) Amended Complaint in an Order dated March 31, 2021 (Dkt. No. 163) and a Memorandum Opinion and Order dated April 13, 2021 (Dkt. No. 168);

WHEREAS, to "significantly enhance judicial economy and ensure consistent findings and rulings," this Court entered an Order (Dkt. No. 166) consolidating the *Ahnefeldt* action with and into the *Edwards* action, with NSHEPP serving as §10(b) Lead Plaintiff, April 12, 2021;

WHEREAS, the §10(b) Lead Plaintiff, the §14(a) Lead Plaintiff, and Defendants filed their Joint Discovery / Case Management Plan under Rule 26(f) of the Federal Rules of Civil Procedure (Dkt. No. 179) ("Rule 26(f) Report") on May 21, 2021;

WHEREAS, the §10(b) Lead Plaintiff, the §14(a) Lead Plaintiff, and Defendants exchanged written discovery requests on May 25, 2021, initial disclosures on June 1, 2021, and written discovery responses and objections on June 25, 2021;

WHEREAS, the §10(b) Lead Plaintiff, the §14(a) Lead Plaintiff, and Defendants thereafter engaged in a discovery meet-and-confer process and presented issues to the Court for resolution, resulting in Orders entered on November 4, 2021 (Dkt. No. 221), December 22, 2021 (Dkt. No. 237), March 28, 2022 (Dkt. No. 251), May 18, 2022 (Dkt. No. 259), and December 21, 2022 (Dkt. No. 313);

WHEREAS, the §10(b) Lead Plaintiff filed its Complaint Supplement (Dkt. No. 220) on November 4, 2021;

WHEREAS, the Court granted Defendants' motion to dismiss the alleged misstatements in the Supplement, without ruling upon its other allegations, on September 22, 2022;

WHEREAS, the §10(b) Lead Plaintiff filed its class certification motion (Dkt. Nos. 191, 305) and the §14(a) Lead Plaintiff filed its class certification motion on September 29, 2021 and amended it on June 13, 2022 (Dkt. Nos. 194, 263, 303), and with depositions of the proposed class representatives having concluded, briefing to resolve these motions is ongoing and expected to conclude by summer 2023;

WHEREAS, in accordance with the Court's discovery orders, Defendants are producing, *inter alia*, documents from the due diligence data room related to the Merger at issue, documents related to a parallel SEC investigation, and documents identified by applying search terms authored by §10(b) Lead Plaintiff and §14(a) Lead Plaintiff to sources including the custodial documents of 50 custodians identified by §10(b) Lead Plaintiff and §14(a) Lead Plaintiff;

WHEREAS, Defendants' production of documents responsive to the §10(b) Lead Plaintiff's and §14(a) Lead Plaintiff's discovery requests served in May 2021 is ongoing, with substantial completion targets of February 28, 2022 for documents within the period of March 15, 2017 through September 18, 2019, which are being produced from a search hit set of roughly 1.25 million documents, and of May 1, 2023 for documents within the period of September 18, 2019 through January 23, 2020;

WHEREAS, on August 17, 2020, Kingstown Capital Management, L.P. and other related entities filed the *Kingstown* lawsuit, in which the *Kingstown* plaintiffs asserted, *inter alia*, a similar §10(b) claim as asserted in the *Edwards* action;

WHEREAS, Judge David Hittner fully denied Defendants' motion to dismiss the *Kingstown* complaint in an Order dated August 23, 2021 (*Kingstown* Dkt. No. 28);

WHEREAS, the *Kingstown* action was transferred to this Court on October 15, 2021;

WHEREAS, although a report under Fed. R. Civ. P. 26(f) has not yet been filed in the *Kingstown* action, the *Kingstown* plaintiffs have served discovery requests on Defendants and in response thereto, have been provided, on a rolling basis, with the voluminous document discovery being produced to the §10(b) Lead Plaintiff and §14(a) Lead Plaintiff and certain additional document production unique to their case;

4

WHEREAS, at a December 21, 2022 a conference in the *Kingstown* action, the Court ordered that, in order to promote efficiency, the *Kingstown* action proceed on a coordinated basis with the §10(b) Action and the §14(a) Action;

WHEREAS, on December 21, 2022, the Court issued Orders in the §10(b) Action, the §14(a) Action, and the *Kingstown* action directing that the parties submit "one proposed 'coordination order'" to "make sure there is coordination between all parties on the discovery front" (*Kingstown* Dkt. No. 38; *Edwards* Dkt. No. 314);

WHEREAS, the parties in the §10(b) Action, the §14(a) Action, and the *Kingstown* action have met and conferred in an effort to advance coordination and efficiencies in the actions; and

WHEREAS, the Court and the parties believe that coordination of the §10(b) Action, the §14(a) Action, the *Kingstown* action, and any other related actions that may be pursued is necessary and desirable;

IT IS HEREBY ORDERED:

I. Coordination and Single Docket

1. The Court hereby orders the parties in the §10(b) Action, the §14(a) Action, and the *Kingstown* action to coordinate in good faith their pretrial efforts, including the scheduling and taking of depositions, as detailed more fully herein.

2. This Order shall apply generally to the §10(b) Action, the §14(a) Action, the *Kingstown* action, and any other opt-out or related action that may be filed which relates to the same subject matters as the §10(b) Action or the §14(a) Action, unless an objecting party serves an application for relief from this Order or any of its provisions within ten (10) days of the date a copy of this Order is served upon counsel for such party. The provisions of this Order shall apply to such action pending the Court's resolution on the application. The Court

orders the parties and their counsel to call to the attention of the Clerk of the Court and the other parties the filing or transfer of any case that might be subject to the provisions of this Order.

3.  While the *Kingstown* action shall proceed on a coordinated basis with the §10(b) Action and §14(a) Action, the *Edwards v. McDermott* docket will serve, for administrative convenience and efficiency, as the single master docket for all future filings and Orders in the §10(b) Action, the §14(a) Action, the *Kingstown* action, and any other related actions subject to the terms of this Order.

II. Captions and Filing

4.  All future orders, pleadings motions, and other documents in the §10(b) Action, the §14(a) Action, the *Kingstown* action, and any other related actions shall bear the following caption:

| | | |
|---|---|---|
| MIRIAM EDWARDS, *et al.*, | § § § | |
| Plaintiffs. | § § | |
| VS. | § § § | CIVIL ACTION NO. 4:18-cv-04330 |
| | § | [CLASS ACTION] |
| MCDERMOTT INTERNATIONAL, INC., *et al.*, | § § § | |
| | § | **This document relates to: [*Insert*]** |
| Defendants. | § § | |

5.  A paper pertinent to all actions shall state that it relates to "ALL ACTIONS." A paper pertinent to fewer than all actions shall identify by plaintiff(s) the action(s) to which it pertains – *e.g.*, the §10(b) Action, the §14(a) Action, the *Kingstown* action, etc.

III. Lead Plaintiffs

6.  By Order dated June 4, 2019 (Dkt. No. 84), pursuant to the PSLRA, the Court appointed NSHEPP and MSPERS to serve as lead plaintiffs overseeing "all claims" related to

6

Exchange Act §10(b) and §14(a), respectively. Nothing herein alters that Order. As such, the §10(b) Lead Plaintiff and §14(a) Lead Plaintiff shall continue to handle all litigation that in any way concerns, affects, or implicates the §10(b) Action and §14(a) Action claims, including, *inter alia*, briefing and arguing of all dispositive and non-dispositive motions, pursuit of all discovery, conduct of all hearings, etc. The §10(b) Lead Plaintiff and §14(a) Lead Plaintiff expressly reserve all rights to seek additional Court Order(s) to enforce their statuses, roles, duties, and powers as Court-appointed lead plaintiffs under the PSLRA, both as regards the *Kingstown* action and any other class, opt out, or other individual lawsuit.

7. For the avoidance of doubt, the *Kingstown* plaintiffs have not asserted any §14(a) claims, have asserted only individual claims, and shall continue to assert the right to pursue their direct claims subject to the coordination terms of this Order. The *Kingstown* plaintiffs expressly reserve all rights to seek additional Court Order(s) to enforce their right to pursue discovery of and conduct all hearings in support of their direct claims.

IV. Protective Order

8. The Joint Protective Order entered in *Edwards* (Dkt. No. 181), which was used as the template for the *Kingstown* protective order, shall govern not only the §10(b) Action and the §14(a) Action, but also the *Kingstown* action and any other related individual or opt out action. Upon entry of this Order, all parties to *Kingstown* and any such other actions shall be bound by the *Edwards* Joint Protective Order and shall sign its Exhibit A.

9. Going forward, all persons who must agree to be bound by any confidentiality protections shall be served a copy of the *Edwards* Joint Protective Order and, as required, shall sign its Exhibit A.

V.     Deposition Protocol

10.     Counsel for each party shall identify lawyers to serve as primary contact persons on a "Notice Counsel List" for purposes of coordination and communications regarding depositions notice and taken pursuant to this Order.

11.     All parties will work together in good faith to select mutually agreeable dates for all depositions. §10(b) Lead Counsel, §14(a) Lead Counsel, and *Kingstown* counsel shall confer in good faith in noticing the depositions that they are permitted to notice as set forth herein. §10(b) Lead Counsel and, §14(a) Lead Counsel shall have the right, but not the obligation, to notice depositions before Defendants substantially complete their Court-ordered document productions responsive to §10(b) and §14(a) Lead Plaintiff's document requests. Defendants and *Kingstown* counsel shall not have the right to notice any non-party depositions until Defendants substantially complete their Court-ordered document productions.

12.     The party noticing any deposition shall serve the deponent with a deposition notice, captioned in accordance with ¶¶ 4-5 *supra*, a subpoena (where necessary), and a copy of this Order and the *Edwards* Joint Protective Order. The noticing party simultaneously shall serve a copy of the notice (and subpoena, if any) on all counsel on the Notice Counsel List. The noticing party, upon receipt, shall circulate to the Notice Counsel List the deponent's responses and objections, if any, to the notice and/or subpoena, regardless of the format in which they are presented. The notice shall make clear if the deposition is being noticed, as permitted herein, by the §10(b) Lead Plaintiff and the §14(a) Lead Plaintiff jointly, or by the §10(b) Lead Plaintiff individually, the §14(a) Lead Plaintiff individually, or the *Kingstown* plaintiffs. Defendants agree to invite plaintiffs in any individual action not yet before this Court to participate in the deposition and shall have seven (7) days to make that invitation, if any.

13. The initial deposition notice for any party to the §10(b) Action, the §14(a) Action, or the *Kingstown* action or any current or former employee of McDermott International, Inc. ("McDermott") or Chicago Bridge & Iron Company, N.V. ("CB&I") shall set forth a 30-day period within which to conduct the deposition, beginning no sooner than fourteen (14) days from such notice. Within seven (7) days of receiving the notice, the witness's counsel shall respond in writing by stating all dates, if any, within the 30-day period that the witness can be made available for a deposition to commence. Provided that such response lists at least five (5) available dates, the noticing party must conduct the deposition on one of the dates provided by the witness's counsel and shall serve a revised Notice of Deposition setting forth the deposition date. No deposition will be taken on less than fourteen (14) days' notice, measured from the date of the initial Notice of Deposition, unless Defendants, the §10(b) and §14(a) Lead Plaintiffs, and the *Kingstown* plaintiffs otherwise agree or for good cause shown. The §10(b), §14(a) Lead Plaintiffs, *Kingstown* plaintiffs, and Defendants may agree to reschedule any deposition.

14. No fact witness shall be deposed more than one time in the §10(b) Action, the §14(a) Action, the *Kingstown* action, and any other individual or opt out action subject to this Order, except by leave of Court, which shall be granted upon a showing of good cause.

15. No witness other than a 30(b)(6) deponent or named Individual Defendant shall be deposed for more than one eight-hour day (excluding breaks), unless any of the §10(b) Lead Plaintiff, the §14(a) Lead Plaintiff, *Kingstown* plaintiffs, or Defendants believes that more time is needed to permit full questioning, the parties shall meet and confer. If a compromise cannot be reached the part(ies) seeking more than eight hours of examination time shall raise the issue with the Court.

16. Depositions shall be conducted efficiently, expeditiously, and professionally.

17. Unless §10(b) Lead Plaintiff, §14(a) Lead Plaintiff, the *Kingstown* plaintiffs, and Defendants otherwise agree, and as otherwise set forth herein: (i) any depositions of current or former employees of McDermott or CB&I, other than Defendants Dickson and Spence, shall presumptively be eight (8) hours long (excluding breaks), which shall be allocated so that: (a) §10(b) Lead Plaintiff and the §14(a) Lead Plaintiff shall collectively have a minimum of six (6) hours of examination time; (b) the *Kingstown* plaintiffs shall receive a minimum of one (1) hour of examination time; and (c) Defendants may examine the witness for one (1) hour after examination by §10(b) and §14(a) Lead Plaintiffs and the *Kingstown* plaintiffs; and (ii) depositions taken of Defendants Dickson and Spence shall presumptively be fourteen and one-half (14.5) hours long (excluding breaks), which shall be allocated so that: (a) §10(b) Lead Plaintiff and the §14(a) Lead Plaintiff shall collectively have a minimum of nine (9) hours of examination time; (b) the *Kingstown* plaintiffs shall have a minimum of four (4) hours of examination time; and (c) Defendants may examine the individual Defendants for one and one-half (1.5) hours after examination by the §10(b) and §14(a) Lead Plaintiffs and the *Kingstown* plaintiffs. The *Kingstown* plaintiffs believe that the deposition of fact witness Scott Lamb should be governed by subpart (ii) and not subpart (i), *supra*. The parties may alter these time allocations by agreement amongst themselves, and they may increase the length of any deposition either by agreement amongst themselves and a deponent's counsel or by Court order.

18. Unless §10(b) Lead Plaintiff, §14(a) Lead Plaintiff, the *Kingstown* plaintiffs, and Defendants otherwise agree, and as otherwise set forth herein, depositions of any third party witnesses (regardless of who served the notice) shall presumptively be eight (8) hours long (excluding breaks), which shall be allocated so that: (a) the §10(b) Lead Plaintiff and the §14(a) Lead Plaintiff shall have a minimum of five (5) hours of examination time; (b) the *Kingstown*

plaintiffs shall be allocated one (1) hour of examination time; and (c) Defendants may examine the witness for two (2) hours after examination by §10(b) and §14(a) Lead Plaintiffs and the *Kingstown* plaintiffs.  The parties may alter these time allocations by agreement amongst themselves, and they may increase the length of any deposition either by agreement amongst themselves and a deponent's counsel or by Court order.

19. Counsel for the *Kingstown* plaintiffs and any other individual action plaintiffs shall be permitted access to the transcripts of all depositions, except those of the §10(b) Lead Plaintiff and the §14(a) Lead Plaintiff, taken pursuant to this Order, whether or not they attend such deposition.  No individual plaintiff or its counsel shall be permitted to attend the deposition of or receive the transcript for the §10(b) or §14(a) Lead Plaintiffs without a Court Order or by agreement.  Similarly, the §10(b) or §14(a) Lead Plaintiffs and their counsel shall not be permitted to attend the deposition of or receive the transcript for the deposition(s) of the *Kingstown* plaintiffs or any other individual action plaintiffs without a Court Order or by agreement.

20. The *Edwards* parties to the class action litigation shall have thirty-five (35) depositions per side, allocated as follows: (a) thirty-five (35) depositions that Defendants may notice; (b) twenty-one (21) depositions that the §10(b) and §14(a) Lead Plaintiffs may jointly notice, (c) seven (7) depositions that the §10(b) Lead Plaintiff may notice, and (d) seven (7) depositions that the §14(a) Lead Plaintiff may notice.  The *Kingstown* plaintiffs may notice seven (7) depositions upon at least ten (10) days prior notice to the §10(b) Lead Plaintiff and §14(a) Lead Plaintiff.  §10(b) Lead Plaintiff, §14(a) Lead Plaintiff, and the *Kingstown* plaintiffs shall confer with regards to the identities of proposed deponents and the sequencing of anticipated depositions to avoid conflicts.  If the §10(b) Lead Plaintiff, the §14(a) Lead Plaintiff, or the *Kingstown* plaintiffs object to any noticed deposition, on the grounds that the witness and/or areas of likely

testimony overlap with their respective Actions, such objection will first be raised to the noticing plaintiff's counsel, and if a resolution is not obtained, shall be raised with the Court. In the event a witness is one that is noticed by the *Kingstown* plaintiffs, *Kingstown* shall be permitted additional time, as necessary, to question such witness, subject to negotiations among the parties, and shall not be subject to the limit set forth in ¶¶17 and 18 above, except in the case of the depositions of the Defendants Dickson and Spence. The *Kingstown* Plaintiffs believe that fact witness Scott Lamb should be included in the carveout to the last sentence.  Pending resolution of the objection, the deposition shall not proceed.  Any deposition noticed by the *Kingstown* plaintiffs or by Defendants shall not be counted toward the limits on deposition numbers applicable to the §10(b) Lead Plaintiff and the §14(a) Lead Plaintiffs.  Any deposition noticed by the §10(b) Lead Plaintiff and/or the §14(a) Lead Plaintiff shall not be counted toward the limits on deposition numbers applicable to the *Kingstown* plaintiffs.

V.     Service

21.     Service of any pleadings, motions, or other docketed materials shall be effectuated via the Court's ECF notifications.  All counsel of record are required to register for such notifications.

22.     Service of any written discovery or other non-docketed materials, when related to all actions, shall be effectuated via service on the Notice Counsel List.

23.     Subject to the terms of this Order and in accordance with the applicable *Edwards* Joint Protective Order, (a) all discovery obtained by any plaintiff in any of the §10(b) Action, the §14(a) Action, and *Kingstown* action and/or produced by any Defendant in any of those actions will be shared promptly with all plaintiffs in the other actions (b) all discovery, except discovery produced by any plaintiff, obtained by any Defendant in 10(b) Action, the §14(a) Action, and

12

*Kingstown* action shall be shared with all parties in the other actions, and (c) all documents, statements, testimony, or other materials produced by the Defendants in the related SEC investigation shall promptly be produced to all plaintiffs in the 10(b) Action, the §14(a) Action, and the *Kingstown* action.

## VI.    Privilege

24.     Cooperation by and amongst counsel is essential for the orderly and expeditious resolution of these lawsuits.  Accordingly, the communication of information among and between §10(b) Lead Counsel, §14(a) Lead Counsel, *Kingstown* counsel, and counsel for any related individual or opt out action shall not be deemed a waiver of the attorney-client privilege or the attorney work product doctrine.  Likewise, the communication of information among and between defense counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product doctrine.

## VII.    Schedule

25.     The parties will separately submit their current and updated scheduling proposals to the Court for separate consideration and entry.

26.     Otherwise, the parties are encouraged to work through scheduling issues independently and collaboratively, without intervention by the Court.

## VIII.    Reservation of Rights; Right to be Heard

27.     All counsel shall use their best efforts to avoid duplication, inefficiency, and inconvenience to the Court, other parties, other counsel, third parties, and witnesses.  Nothing stated herein, however, shall be construed to diminish the right of any party to be heard by the Court on matters that are not susceptible to joint or common action, or as to which there is a genuine disagreement among counsel.

28. The parties shall meet and confer about any modification of this Order. If the parties cannot agree, any party may move for modification of this Order for good cause shown.

29. The §10(b) Lead Plaintiff and the §14(a) Lead Plaintiff reserve all rights to seek in the future the consolidation of the *Kingstown* action or any other related action or opt out action that may be filed. The *Kingstown* plaintiffs reserve all rights to oppose any such future request for consolidation. Nothing herein shall be deemed an admission or concession by, be used against, or preclude any such future requests for consolidation or oppositions thereto, including without limitation as to timeliness.

30. The parties otherwise expressly reserve all rights to seek further relief from the Court as they deem necessary in the future.

IT IS SO ORDERED.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE