# EXHIBIT B

*Draft by Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MIRIAM EDWARDS, *et al.*, | § § § § | |
| Plaintiffs. | § | |
| VS. | § § | CIVIL ACTION NO. 4:18-cv-04330 |
| MCDERMOTT INTERNATIONAL, INC., *et al.*, | § § § § | [CLASS ACTION] |
| Defendants. | § § | |
| _____ | | |
| KINGSTOWN CAPITAL MANAGEMENT, L.P., *et al.*, | § § § § | |
| Plaintiffs. | § § | |
| VS. | § § § | CIVIL ACTION NO. 4:20-cv-02880 |
| DAVID DICKSON, *et al.*, | § § § | |
| Defendants. | § | |
| _____ | | |

## [PROPOSED] ORDER CONCERNING DEPOSITION PROTOCOL

WHEREAS, plaintiff Miriam Edwards filed the *Edwards* lawsuit, No. 4:18-cv-04330, as a putative class action, raising claims under Securities Exchange Act of 1934 ("Exchange Act") §§10(b) and 20(a), on November 15, 2018 (the "§10(b) Action");

WHEREAS, plaintiff Public Employees' Retirement System of Mississippi ("MSPERS") filed a separate lawsuit, No. 4:19-cv-00135, as a putative class action, raising

claims under Exchange Act §§14(a) and 20(a), on January 14, 2019 (the "§14(a) Action") (together with plaintiff for the §10(b) Action, the "Class Plaintiffs");

WHEREAS, Kingstown Capital Management, L.P. and other related entities filed the *Kingstown* lawsuit, an opt-out action from the §10(b) Action, raising claims under Exchange Act §§10(b) and 20(a) in a complaint modeled after §10(b) Lead Plaintiff's and the §14(a) Lead Plaintiff's Amended Complaints, on August 17, 2020;

WHEREAS, the *Kingstown* action was transferred to this Court on October 15, 2021;

WHEREAS, the Court and the parties believe that with respect to depositions, coordination of the §10(b) Action, the §14(a) Action, and the *Kingstown* action is necessary and desirable;

IT IS HEREBY ORDERED AS FOLLOWS:

1. Counsel for each party shall identify lawyers to serve as primary contact persons on a "Notice Counsel List" for purposes of coordination and communications regarding depositions noticed and taken pursuant to this Order.

2. Counsel for all plaintiffs will work together in good faith to select deponents. The Class Plaintiffs may notice thirty-five (35) depositions, allocated as follows: (a) twenty-one (21) depositions that the §10(b) and §14(a) Lead Plaintiffs may jointly notice; (b) seven (7) depositions that the §10(b) Lead Plaintiff may notice; and (c) seven (7) depositions that the §14(a) Lead Plaintiff may notice. The *Kingstown* Plaintiffs may notice five (5) depositions of non-overlapping witnesses unique to their action.

3. All parties will work together in good faith to select mutually agreeable dates for all depositions.  To that end, at least seven (7) business days before noticing a deposition, the party or parties seeking to take the deposition (the "noticing party") will email all counsel on the Notice Counsel List identifying the deponent and offering a proposed timeframe for the deposition.  If counsel for a party also represents the proposed deponent, that counsel will either confirm that the proposed timeframe works or offer alternative dates.  If the proposed deponent is not represented by counsel for a party, counsel for the other parties will advise the noticing party of any conflicts during the proposed timeframe and offer alternative timeframes that would work for the deposition.  In either case, if alternative timeframes are proposed and none would work for the noticing party, the noticing party will propose additional alternative dates, and the process will repeat while the parties attempt to identify a mutually agreeable date.

4. After the notice period set forth in paragraph 3, the noticing party may serve the deponent (and/or its counsel, as applicable) with a notice for a deposition on a mutually agreeable date determined pursuant to the process set forth in paragraph 3 and will include a copy of the *Edwards* Joint Protective Order.  The noticing party simultaneously shall serve a copy of the notice (and subpoena, if any) on all counsel on the Notice Counsel List. The noticing party, upon receipt, shall circulate to the Notice Counsel List the deponent's responses and objections, if any, to the notice and/or subpoena, regardless of the format in which they are presented.

5. No deposition will be taken on less than twenty-one (21) days' notice from the initial request for the deposition unless all parties otherwise agree or for good cause shown.

6. No witness shall be deposed more than one time in the §10(b) Action, the §14(a) Action, and the *Kingstown* action collectively, except by leave of Court.

7. Except for good cause shown, no witness shall be deposed for more than one eight-hour day; provided, however, that the Federal Rules of Civil Procedure govern the depositions of witnesses designated pursuant to Rule 30(b)(6). If a party believes that a fact witness requires more than eight hours of examination time, the parties shall meet and confer. If a compromise cannot be reached, the party seeking more than eight hours of examination time shall seek leave of Court.

8. Depositions shall be conducted efficiently, expeditiously, and professionally.

9. Unless the parties otherwise agree, for depositions noticed by §10(b) and/or §14(a) Lead Plaintiffs and for depositions of any third party (regardless of who served the notice), (a) the §10(b) Lead Plaintiff and the §14(a) Lead Plaintiff together shall have up to four (4) hours of examination time that they can divide between themselves by agreement, (b) the *Kingstown* Plaintiffs shall have up to one (1) hour to examine the witness on any non-duplicative matters, and (c) Defendants shall have up to three (3) hours of examination time. The parties may alter these time allocations by agreement.

10. Unless the parties otherwise agree and except as provided in Paragraph 12, for depositions noticed by Defendants, (a) the §10(b) Lead Plaintiff and the §14(a) Lead Plaintiff together shall have up to three (3) hours of examination time that they can divide

between themselves by agreement, (b) the *Kingstown* Plaintiffs shall have up to one (1) hour to examine the witness on any non-duplicative matters, and (c) Defendants shall have up to four (4) hours of examination time. The parties may alter these time allocations by agreement.

11. Unless the parties otherwise agree, for depositions of the Individual Defendants, (a) the §10(b) Lead Plaintiff and the §14(a) Lead Plaintiff together shall have up to five (5) hours of examination time that they can divide between themselves by agreement, and (b) the *Kingstown* Plaintiffs shall have up to two (2) hours to examine the witness on any non-duplicative matters, and (c) Defendants shall have up to one (1) hour of examination time. The parties may alter these time allocations by agreement.

12. Counsel for the *Kingstown* plaintiffs shall be permitted access to the transcripts of all depositions, except those of the §10(b) Lead Plaintiff and the §14(a) Lead Plaintiff, taken pursuant to this Order, whether or not they attend such deposition. No individual plaintiff or its counsel shall be permitted to attend the deposition of or receive the transcript for the §10(b) or §14(a) Lead Plaintiffs without a Court Order. Conversely, the §10(b) or §14(a) Lead Plaintiffs and their counsel shall not be permitted to attend the deposition of or receive the transcript for the deposition(s) of the *Kingstown* Plaintiffs without a Court Order.

13. Cooperation by and amongst counsel is essential for the orderly and expeditious resolution of these lawsuits. Accordingly, the communication of information among and between §10(b) Lead Counsel, §14(a) Lead Counsel, *Kingstown* counsel, and counsel for any future-consolidated individual or opt out action shall not be deemed a

waiver of the attorney-client privilege or the attorney work product doctrine.  Likewise, the communication of information among and between defense counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product doctrine.

14.    All counsel shall use their best efforts to avoid duplication, inefficiency, and inconvenience to the Court, other parties, other counsel, third parties, and witnesses. Nothing stated herein, however, shall be construed to diminish the right of any party to be heard by the Court on matters that are not susceptible to joint or common action, or as to which there is a genuine disagreement among counsel.

15.    The parties shall meet and confer about any modification of this Order.  If the parties cannot agree, any party may move for modification of this Order for good cause shown.

IT IS SO ORDERED.

                                                                                    _____
                                                                                    ANDREW M. EDISON
                                                                                    UNITED STATES MAGISTRATE JUDGE