**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| MIRIAM EDWARDS, *et al.*, § § Plaintiffs. § § V. § § MCDERMOTT INTERNATIONAL, § INC., *et al.*, § § Defendants. § | CIVIL ACTION NO. 4:18-CV-04330 |

## ORDER

The Fifth Circuit has made clear that "[t]he public's right of access to judicial proceedings is fundamental." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021). "The principle of public access to judicial records furthers not only the interests of the outside public, but also the integrity of the judicial system itself." *United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010). "The right to public access serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Id.* (quotation omitted). As a result, the law "heavily disfavor[s] sealing information placed in the judicial record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022). Indeed, district courts have been instructed to be "ungenerous with their discretion to seal judicial records." *Le*, 990 F.3d at 418.

To be sure, there are limited circumstances in which it is appropriate to seal certain information, such as with privileged information. But that is, without a doubt, the exception rather than the rule. "Excessive secrecy—***particularly displacing the high bar for sealing orders with the low bar for protective orders***—undercuts the public's right of access and thus undermines the public's faith in our justice system." *Le*, 990 F.3d at 421 (emphasis added). To decide whether something should be sealed, a district court must undertake a

"document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* at 419 (quotation omitted). To be clear, I will "flatly reject any efforts by counsel to keep documents from the public by simply labeling the documents as 'confidential.'" *Kozlowski v. Buck*, No. 3:20-cv-00365, 2021 WL 4973710, at *1 (S.D. Tex. Oct. 25, 2021).

Despite this binding precedent, the § 10(b) Lead Plaintiff has refused to withdraw its confidentiality designation so that Defendants could publicly file their Letter Response to my September 28, 2023 Order (Dkt. 405), forcing Defendants to file a motion to seal. *See* Dkt. 449. This is not Defendants' job or burden.

If Plaintiff truly believes that Defendants' Letter Response (Dkt. 450) and the underlying affidavit provided to me for in camera review should be sealed, then *Plaintiff* must file a motion to seal undertaking the analysis required by the Fifth Circuit by Friday, November 3, 2023. Even if I permit sealing, sealing will be limited to redacting only those portions of the documents that are so sensitive that they outweigh the public's common law right of access. Accordingly, the motion to seal must be accompanied by redacted exhibits.

SIGNED this 31st day of October 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE