United States District Court
Southern District of Texas
**ENTERED**
March 25, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MIRIAM EDWARDS, *et al.*, § | |
| § | |
| Plaintiffs. § | |
| § | |
| V. § | CIVIL ACTION NO. 4:18-CV-04330 |
| § | |
| MCDERMOTT INTERNATIONAL, § | |
| INC., *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

On October 19, 2021, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 204. Judge Edison filed a Memorandum and Recommendation on February 29, 2024, recommending the § 10(b) Plaintiffs' Motion for Class Certification and Appointment of § 10(b) Class Representatives and § 10(b) Class Counsel ("Motion for Class Certification") (Dkt. 305) be **DENIED** without prejudice to refiling. Dkt. 508. On March 14, 2024, Defendants and § 10(b) Lead Plaintiff Nova Scotia Health Employees' Pension Plan ("NSHEPP") both filed Objections to Judge Edison's Memorandum and Recommendation. Dkts. 509, 511.

In accordance with 28 U.S.C. § 636(b)(1)(C), this Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* FED. R. CIV. P. 72(b)(3).

The Court has carefully considered the Objections, the Memorandum and Recommendation, the pleadings, and the record. The Court **ACCEPTS** Judge Edison's Memorandum and Recommendation and **ADOPTS** it as the opinion of the Court with the following revisions.

The Court agrees with Judge Edison that there is a fundamental conflict between, on the one hand, class members who converted stock in Chicago Bridge & Iron Company, N.V ("CB&I") into McDermott International, Inc. ("McDermott") stock in via the merger of CB&I and McDermott, and on the other hand, class members who purchased McDermott shares on the open market. The Court disagrees, however, as NSHEPP's Objections suggest, that NSHEPP "can represent all §10(b) Class members who held only CB&I stock *and* all §10(b) Class members who purchased McDermott shares if they held at least one CB&I share." Dkt. 511 at 27. The M&R makes clear that the fundamental conflict is between class members who converted CB&I stock into McDermott stock, and class members who purchased McDermott stock. The Court recognizes, however, that the M&R can be read to suggest otherwise because it employs the phrases "purchasers of McDermott stock who never held CB&I shares" (Dkt. 508 at 24–26), "class members who never held CB&I shares" (*id.* at 24–25), and "purchasers and acquirers of McDermott stock who never held CB&I shares during the Class Period" (*id.* at 25). The Court finds the phrase "who never held CB&I shares" superfluous and strikes it. Each of the aforementioned phrases should simply read: "purchasers of McDermott stock." Additionally, the Court

2

finds the M&R's references to "purchasers and acquirers of McDermott stock who held CB&I shares" to mean "CB&I shareholders who converted their CB&I stock into McDermott stock via the merger of CB&I and McDermott." *See id.* Thus, Judge Edison's proposed subclass definitions are revised to make clear that the proposed § 10(b) CBI Subclass is *only* for class members who converted CB&I stock into McDermott stock via the merger of CB&I and McDermott, and the proposed § 10(b) MDR Subclass is *only* for class members who purchased or otherwise acquired McDermott stock. Specifically, the subclasses should be defined as follows:

> 1. All persons and entities (the "§ 10(b) CBI Subclass") who converted stock in Chicago Bridge & Iron Company, N.V. (NYSE: CBI) into stock of McDermott International, Inc. (NYSE: MDR) via the merger of CBI and MDR, seeking to pursue remedies against McDermott and certain of its officers and/or directors named as Defendants for violations of the federal securities laws under Exchange Act §§ 10(b) and 20(a) and SEC Rule 10b-5.
>
> 2. All persons and entities (the "§ 10(b) MDR Subclass") who purchased or otherwise acquired common stock of McDermott International, Inc. (NYSE: MDR) between December 18, 2017, and November 5, 2019, both dates inclusive ("10(b) Class Period"), seeking to pursue remedies against McDermott and certain of its officers and/or directors named as Defendants for violations of the federal securities laws under Exchange Act §§ 10(b) and 20(a) and SEC Rule 10b-5.
>
> Excluded from both subclasses are Defendants, the officers and directors of McDermott and CB&I at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants, McDermott, or CB&I have or had a controlling interest.

Class members who both converted CB&I stock into McDermott stock *and* purchased McDermott stock will hold claims in both subclasses.

> It is therefore **ORDERED** that:
>
> (1) Judge Edison's Memorandum and Recommendation (Dkt. 508) is **APPROVED AND ADOPTED** as revised as the holding of the Court; and

(2) § 10(b) Plaintiffs' Motion for Class Certification (Dkt. 305) is **DENIED** without prejudice to refiling a motion to certify the following two subclasses:

    1. All persons and entities (the "§ 10(b) CBI Subclass") who converted stock in Chicago Bridge & Iron Company, N.V. (NYSE: CBI) into stock of McDermott International, Inc. (NYSE: MDR) via the merger of CBI and MDR, seeking to pursue remedies against McDermott and certain of its officers and/or directors named as Defendants for violations of the federal securities laws under Exchange Act §§ 10(b) and 20(a) and SEC Rule 10b-5.

    2. All persons and entities (the "§ 10(b) MDR Subclass") who purchased or otherwise acquired common stock of McDermott International, Inc. (NYSE: MDR) between December 18, 2017, and November 5, 2019, both dates inclusive ("10(b) Class Period"), seeking to pursue remedies against McDermott and certain of its officers and/or directors named as Defendants for violations of the federal securities laws under Exchange Act §§ 10(b) and 20(a) and SEC Rule 10b-5.

Class members who both converted CB&I stock into McDermott stock and purchased McDermott stock will hold claims in both subclasses.

Excluded from both subclasses are Defendants, the officers and directors of McDermott and CB&I at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants, McDermott, or CB&I have or had a controlling interest.

(3) NSHEPP—a former CB&I shareholder who converted its CB&I shares into McDermott shares via the merger of CB&I and McDermott—has standing to pursue its claims. But NSHEPP has a fundamental conflict with purchasers and acquirers of McDermott stock, which necessitates subclasses.

(4) The § 10(b) CBI Subclass described above satisfies the Rule 23 requirements for class certification, including that NSHEPP is an adequate and typical representative of CB&I shareholders who converted their CB&I stock into McDermott stock via the merger of CB&I and McDermott, and NSHEPP's Lead Counsel (Pomerantz) and Local Counsel (Briscoe) are adequate to represent such a subclass.

(5) NSHEPP's damages methodology satisfies *Comcast* and can account for inflation in CB&I's stock as a result of the alleged fraud, and the

      corresponding economic benefit to former CB&I shareholders who converted their CB&I shares into McDermott shares via the merger of CB&I and McDermott, should any such inflation and economic benefit ultimately be proven.

(6)     The large number of short sellers during the Class Period does not defeat predominance.

(7)     The market for McDermott stock was efficient after September 17, 2019, and throughout the Class Period.

(8)     The September 24 and 27, 2019 disclosures and the January 21, 2020 disclosures did not reveal any new information regarding the alleged misrepresentations. The Class Period should end on November 5, 2019, the date of the last corrective disclosure.

It is so **ORDERED**.

SIGNED and ENTERED this 23rd day of March 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE