United States District Court
Southern District of Texas
**ENTERED**
June 21, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| MIRIAM EDWARDS, *et al.*, § § Plaintiffs. § § V. § CIVIL ACTION NO. 4:18-CV-04330 § MCDERMOTT INTERNATIONAL, § INC., *et al.*, § § Defendants. § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## AMENDED MEMORANDUM AND RECOMMENDATION

On October 19, 2021, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 204. Judge Edison filed a Memorandum and Recommendation on February 29, 2024, recommending the § 10(b) Plaintiffs' Motion for Class Certification and Appointment of § 10(b) Class Representatives and § 10(b) Class Counsel ("Motion for Class Certification") (Dkt. 305) be denied without prejudice to refiling. Dkt. 508. On March 23, 2024, the Court adopted Judge Edison's recommendation. Dkt. 526.

On April 24, 2024, the Court withdrew its March 23, 2024 Order Adopting Magistrate Judge's Memorandum and Recommendation and remanded the § 10(b) Lead Plaintiffs' Motion for Class Certification to Judge Edison for reconsideration. Dkt. 544. Judge Edison filed an Amended Memorandum and Recommendation on April 24, 2024, recommending the § 10(b) Plaintiffs' Motion for Class Certification and Appointment of § 10(b) Class Representatives and § 10(b) Class Counsel ("Motion for Class Certification")

(Dkt. 305) be **GRANTED IN PART**. Dkt. 546. After receiving two extensions from the Court (Dkts. 548, 552), the parties timely filed objections and responses to those objections. Dkts. 559, 561, 567–68.

In accordance with 28 U.S.C. § 636(b)(1)(C), this Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* FED. R. CIV. P. 72(b)(3).

The Court has carefully considered the Objections, the Amended Memorandum and Recommendation, the pleadings, and the record. The Court **ACCEPTS** Judge Edison's Amended Memorandum and Recommendation and **ADOPTS** it as the opinion of the Court with the following revisions:

- Note 1 should read: "The Defendants are McDermott, David Dickson (McDermott's former President and Chief Executive Officer), and Stuart Spence (McDermott's former Executive Vice President and Chief Financial Officer).

- The Court strikes the clause, "an affirmative defense that need not be addressed by purchasers of McDermott stock." Dkt. 546 at 21. Plaintiffs always bear the burden of establishing that they suffered economic loss. *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (holding that plaintiff must "*prove* proximate causation and economic loss").

It is therefore **ORDERED** that:

(1) Judge Edison's Memorandum and Recommendation (Dkt. 546) is **APPROVED AND ADOPTED** as revised as the holding of the Court; and

(2) § 10(b) Plaintiffs' Motion for Class Certification (Dkt. 305) is **GRANTED IN PART**; and

(3) The Court certifies a class of all persons and entities (the "§ 10(b) CBI Subclass") who converted stock in Chicago Bridge & Iron Company, N.V. (NYSE: CBI) into stock of McDermott International, Inc. (NYSE: MDR) via the merger of CBI and MDR, seeking to pursue remedies against McDermott and certain of its officers and/or directors named as Defendants for violations of the federal securities laws under Exchange Act §§ 10(b) and 20(a) and SEC Rule 10b-5; and

(4) The Court appoints Nova Scotia Health Employees' Pension Plan ("NSHEPP") the Lead Plaintiff of the § 10(b) CBI Subclass; and

(5) The Court appoints NSHEPP's counsel, Pomerantz LLP and the Briscoe Law Firm, as Lead and Local Counsel for the § 10(b) CBI Subclass; and

(6) The Court will permit motions from the five plaintiffs—Wah Kee Ho, Donald Piliero, Alfred Rodrigues, University of Puerto Rico Retirement System, and City of Pontiac General Employees' Retirement System—who timely filed to be the § 10(b) Lead Plaintiff at the outset of this litigation to be lead plaintiff for a class of all persons and entities (the "§ 10(b) MDR Subclass") who purchased or otherwise acquired common stock of McDermott International, Inc. (NYSE: MDR) between December 18, 2017, and January 23, 2020, both dates inclusive ("10(b) Class Period"), seeking to pursue remedies against McDermott and certain of its officers and/or directors named as Defendants for violations of the federal securities laws under Exchange Act §§ 10(b) and 20(a) and SEC Rule 10b-5; and

(7) The Court will also permit the four plaintiffs other than NSHEPP—John Vuong, the members of the Coligado Shareholder Group, Majid Alghaslan, and Wei Ye—who timely filed Lead Plaintiff motions in *Anhefeldt v. Dickson*, Case No: 4:20-cv-2539 (S.D. Tex.), to file a motion to be lead plaintiff of the § 10(b) MDR Subclass.[1]

---

[1] Any arguments regarding the suitability of these plaintiffs to be the Lead Plaintiff of the § 10(b) MDR Subclass should be addressed during the Lead Plaintiff appointment process. The Court will not address such arguments made via letter filings. Dkts. 569, 574, 578.

(8)  The Court will leave it to Judge Edison to set the briefing schedule for Motions for Appointment of § 10(b) MDR Lead Plaintiff.

It is so **ORDERED**.

SIGNED at Houston, Texas on June 21, 2024.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE