United States District Court
Southern District of Texas
**ENTERED**
November 13, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MIRIAM EDWARDS, *et al.*, | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:18-cv-04330 |
| | § | |
| MCDERMOTT INTERNATIONAL, INC., *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

# ORDER

Pending before me is a Motion to Consolidate Actions and Stay Proceedings filed by Nova Scotia Health Employees' Pension Plan ("NSHEPP"). Dkt. 598. NSHEPP seeks to: (1) consolidate the related individual § 10(b) opt-out action styled *Kingstown Capital Management, L.P. v. Dickson*, No. 4:20-cv-02880 (S.D. Tex.) with and into the § 10(b) action in this case; (2) stay all proceedings in *Kingstown* until 30 days after the resolution of NSHEPP's and Defendants' Rule 23(f) cross-appeals pending before the Fifth Circuit, or nine months from the date this Order is issued, whichever is earlier; and (3) impose the same stay in the § 14(a) class action, which is already consolidated with the § 10(b) action. Defendants consent to consolidation and a stay, while the *Kingstown* plaintiffs oppose both. *See* Dkt. 598 at 32. The § 14(a) plaintiffs support "postponement of dispositive motions and *Daubert* briefing," but only until the § 14(a) class certification motion is resolved. Dkt. 600 at 1.

I see no need to decide at this juncture whether the § 10(b) and *Kingstown* actions should be consolidated, or whether all three actions—the § 10(b), *Kingstown*, and § 14(a) actions—should be tried together. What matters right now is whether these actions should proceed in tandem. Common sense dictates that they should. The court has no desire to consider summary judgment and *Daubert* motions in the § 10(b) and *Kingstown* actions separately. Despite their

"contrasting legal theories," both actions concern the same set of facts and the same time period.[1] Dkt. 604 at 23. Deciding the summary judgment and *Daubert* motions simultaneously conserves this court's time and resources.

NSHEPP's motion (Dkt. 598) is **GRANTED** in that the court will **STAY** the *Kingstown* action until resolution of the Rule 23(f) cross-appeals pending before the Fifth Circuit; it is **DENIED** without prejudice to refiling in all other respects.

The court expresses no opinion as to whether consolidation of any action is appropriate. Nor does the court express an opinion as to whether a continued stay of the § 14(a) action is appropriate once the pending § 14(a) class-certification motion is decided. Those are questions that simply do not need to be decided right now. The parties are free to raise these issues again when we have more information from the Fifth Circuit as to how the § 10(b) action will proceed, and a ruling from Judge Hanks on the motion for class certification in the § 14(a) action.[2]

SIGNED this 13th day of November 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

[1] The *Kingstown* action overlaps with the as-yet uncertified post-Merger § 10(b) MDR subclass. *See* Dkt. 579 at 3. Whether the court's subclassing is proper is the subject of Rule 23(f) cross-appeals. *See Nova Scotia Health Emps.' Pension Plan v. McDermott Int'l*, No. 24-20326 (5th Cir. Jul. 26, 2024). Regardless of the outcome of these Rule 23(f) cross-appeals, however, the *Kingstown* action will always overlap with the members of any § 10(b) class who purchased post-merger McDermott shares.

[2] The *Kingstown* plaintiffs suggest that this court is prohibited from reconsidering its previous order denying a stay. *See* Dkt. 604 at 26. Not so. The Supreme Court has held that "a district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment in a civil case" and "to stay proceedings pending resolution of parallel actions." *Dietz v. Bouldin*, 579 U.S. 40, 46–47 (2016). These inherent powers are limited by two principles: "an inherent power must be a reasonable response to a specific problem and the power cannot contradict any express rule or statute." *Id.* at 46. Imposing a stay here to conserve the court's time and resources does not run afoul of either of these principles. Nor does it run afoul of the law of the case doctrine, which "does not operate to prevent a district court from reconsidering prior rulings." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 171 (5th Cir. 2010).